CHARLES W. FIELD *vs.* THE CITY OF PROVIDENCE.

A., in consideration of " one hundred and twenty Spanish milled dollars," conveyed by warranty deed certain land to several grantees, " their heirs and assigns forever, for the sole purpose of a burying ground."

*Held*, that the deed conveyed an absolute estate in fee simple to the grantees.  It did not appear that the consideration was inadequate, nor that the grantor had any interest in having the land used for a burial ground.  A.'s heirs had, therefore, no resulting claims when the land was condemned for a public park.

PETITION for a jury trial to assess damages in favor of 'the petitioner arising from the condemnation by the city of Providence of the " Proprietors' Burial Ground," so called, for a public park.

John Field, in 1791, executed the following deed, which is recorded in book 22, page 481, in the registry of deeds of the city of Providence : —

To all People to whom these Presents shall come :

I, John Field of Providence in the county of Providence in the state of Rhode Island & Providence Plantations yeoman Send Greeting

Know ye — That I the said John Field for & in consideration of the sum of one hundred & twenty. Spanish milled silver dollars

unto me in hand before the ensealing hereof well and truly paid by William Barton Esq'r Othniel Tripp cordwainer James Graves gentleman William Richmond hatter Ralph Merry cordwainer Daniel Box gentleman Levi Ham huckster Pardon Mason a mason Caleb King mason Calvin Dean tanner John P. Jones merch't Zebediah Farnum gentleman Richard Guild butcher Ward Cowen saddler Samuel & Charles Sampson gentlemen William Rhodes gentleman Daniel Tourtellot Esq'r Benjamin Tallman Esq'r James Aborn gentleman William Lee cabinet maker Jonathan W. Coy cabinet maker Asa Franklin house wright David Martin house wright John Carpenter cabinet maker Amos Atwell Esq'r Nathan Warner barber Joseph & Benjamin Eddy ship wrights Zephaniah Andrews Esq'r Samuel Ingraham blacksmith Isaac Pitman merch't William Peckham merch't James Peckham house wright John Keene blacksmith Francis McGuire taylor Peleg Hull gentleman William Paul cordwainer Ezek Eddy boat builder Charles Andrews mason Grinnal & Taylor painters in company & Daniel Jackson brass founder all of said Providence in s'd county of Providence the receipt whereof I do hereby acknowledge & myself therewith fully satisfied contented & paid & thereof & of every part & parcel thereof do exonerate acquit and discharge them their heirs executors & administrators forever by these presents have given granted bargained sold aliened enfeoffed conveyed and confirmed and by these presents do freely fully and absolutely give grant bargain sell aliene enfeoff convey & confirm unto them the said William Barton Othniel Tripp James Graves William Richmond Ralph Merry Daniel Box Levi Ham Pardon Mason Caleb King Calvin Dean John P. Jones Zebediah Farnum Richard Guild Ward Cowen Samuel & Charles Sampson William Rhodes Daniel Tourtellot Benjamin Tallman James Aborn William Lee Jonathan W. Coy Asa Franklin David Martin John Carpenter Amos Atwell Nathan Warner Joseph and Benjamin Eddy Zephaniah Andrews Samuel Ingraham Isaac Pitman William Peckham James Peckham John Keen Francis McGuire Peleg Hull William Paul Ezek Eddy Charles Andrews Grinnal & Taylor and Daniel Jackson their heirs and assigns forever for the sole purpose of a burying ground.

A certain tract or parcel of land situate lying & being in s'd Providence on the west side of the river and adjoining on the

northerly side of Mr. Snow's society's new burying ground & is butted bounded and described as follows, viz.: Beginning at the north easterly corner of said society's burying ground & thence runs on a straight line northerly in the same direction with the easterly line of said Society's burying ground sixteen rods & eighty five hundredths of a rod to a stake and thence turning a square corner runs westerly on a straight line parallel with the northerly line of said society's burying ground nineteen rods to a stake & thence turning a square corner runs southerly on a straight line parallel with the first described line sixteen rods & eighty five hundredths of a rod to a stake on the northerly line of said society's burying ground and thence turning a square corner runs on a straight line easterly nineteen rods to the first mentioned corner & is bounded northerly and easterly on other lands of the grantor southerly on said Society's burying ground & westerly on a drift way of two rods wide leading from Pawtuxet Street so called to the gate of said Society's burying ground together with the full liberty of passing & repassing to & from said granted & demised premises at all times through said drift way & it is agreed by and between the said parties that said grantees their heirs and assigns shall at their own proper cost and expense maintain a good & lawful fence on all parts of said granted and demised premises which are adjoining on other lands of the grantor forever and which said granted & demised premises are granted & demised in the following manner, viz.: All the several gangways & Alleys which are laid out through & over the several parts of said tract of land as described in the plat thereof hereunto annexed are hereby granted and demised to the said grantees equally as tenants in common and for the mutual benefit & accommodation of all the other parts of said tract of land & the strip of land on the northerly side of s'd tract of land assigned & set off for the purpose of burying strangers as in and by said annexed plat is described & marked is likewise hereby granted and demised to the said grantees equally as tenants in common for the sole purpose of burying strangers and others who may not be otherwise provided for under such regulations as said grantees may see fit to establish & the residue of said tract of land being divided and set off into forty equal parts or small lots of fifty five feet in length & twenty five

feet in width as described & numbered on the said annexed plat is granted and demised in the following manner to the said grantees their several proportions in severalty that is to say to each and every of said grantees one of said small lots & such small lot & number as is marked with his name thereon according to the said annexed plat to be by him held in severalty by metes and bounds saving where the names of any two grantees are marked on the same small lot then such small lot to be held by such two grantees in equal shares [1]

To have and to hold the said granted & bargained premises with all the appurtenances privileges & commodities to the same belonging or in any wise appertaining to them the s'd grantees their respective heirs and assigns forever in manner as aforesaid to their and their only proper use benefit and behoof forever

And I the said John Field for myself my heirs executors & administrators do covenant promise and grant to & with the said grantees their heirs & assigns that at & before the ensealing hereof I am the true sole and lawful owner of the herein bargained premises & am lawfully seized and possessed of the same in my own right as a good perfect and absolute estate of inheritance in fee simple & have in myself good right full power & lawful authority to grant bargain sell convey & confirm the said bargained premises in manner as aforesaid and that the said grantees their heirs & assigns in manner as aforesaid shall & may from time to time and at all times forever hereafter by force and virtue of these presents lawfully peaceably and quietly have hold use occupy possess & enjoy the said demised & bargained premises with the appurtenances free and clear and freely and clearly acquitted exonerated & discharged of & from all & all manner of former or other gifts grants bargains sales leases mortgages wills entails jointures dowries judgments executions & incumbrances of what name or nature so ever that might in any manner or degree obstruct or make void this present deed

Furthermore I the said John Field for myself and my heirs executors & administrators do covenant and engage the above demised premises to them the said grantees their heirs & assigns

[1] Annexed to the deed is a plat showing the gangways and forty burial lots, each 55 by 25 feet, and marked with a number and the grantee's name.

against the lawful claims or demands of any person or persons whatsoever forever to warrant secure and defend by these presents.

And I Lydia Field wife of the said John Field for & in consideration of the above & aforementioned sum of money unto my husband paid as aforesaid do hereby remise release yield up & forever quitclaim unto them the said grantees their heirs and assigns forever to their and their only proper use benefit & behoof forever in manner as aforesaid all my right of dower and power of thirds in and to the said granted & demised premises.

In testimony whereof we the said John Field & Lydia Field have hereunto set our hands and seals this thirteenth day of July in the year of our Lord one thousand seven hundred & ninety one July 30th A. D. 1791

<div style="margin-left:2em">

Signed sealed & delivered
in presence of                         JOHN FIELD (L. S.)
DANIEL FIELD
LYDIA BOWLER                   LYDIA FIELD (L. S.)

</div>

Providence Sc.

In Providence this thirtieth day of January A. D. 1792 personally appeared the aforenamed John Field & acknowledged the above and foregoing written instrument by him signed and sealed to be his free & voluntary act & deed Before me

<div style="margin-left:2em">
BENJ'N TURPIN,
                                        Jus't Peace.
</div>

Recorded July 23 A. D. 1792
      Witness GEO. TILLINGHAST
                  Town Clk.

Public Laws R. I. cap. 431, of May 2, 1884, authorized the city of Providence to take parts of this land for park purposes, which the city did by resolution of the City Council, No. 236, approved June 2, 1884, and the petitioner, one of the heirs of John Field, filed this petition.

*July* 16, 1887. PER CURIAM. The court decides, on the authority of the carefully considered case, *Rawson* v. *Inhabitants of School District No. 5 in Uxbridge,* 7 Allen, 125, that the convey-

ance from John Field to William Barton and others carried an absolute estate in fee simple to the grantees, and therefore the petitioner has no claim for any reversionary or resulting right in the land conveyed. The grantees of the lot conveyed gave "one hundred and twenty Spanish milled silver dollars," which does not appear to have been less than its full value, and it does not appear that the grantor has any interest in, or reason for, having the lot used solely for burial purposes. It would seem, to judge from other parts of the deed, that the purpose of the purchase was declared rather for the behoof of the grantees than for the grantor.

*Charles H. Parkhurst & Rathbone Gardner*, for petitioner.

*Nicholas Van Slyck*, City Solicitor, for respondent.

NOTE. — The attention of the reporter has been called to the above case, and he has been requested to print it here, as it was not printed at the time it was decided.

THE following opinions were given pursuant to article 10, section 3, of the Constitution of the State, which provides that "the judges of the Supreme Court . . . shall give their written opinion upon any question of law whenever requested by the Governor or by either house of the General Assembly."